[No. 8,611. Department One.—February 15, 1884.]    65   71
                                                     109   405

JOHN GREEN, RESPONDENT, v. ODD FELLOWS' SAVINGS & COMMERCIAL BANK, APPELLANT.

LIMITATION—BANKING CORPORATIONS—DEPOSITOR.—Where one banking corporation takes from another an assignment of all of its property and as a consideration agrees to pay all of the debts and liabilities of the assignor, and proceeds to conduct the business of banking, and credits a depositor of the former bank with the amount of his deposit upon its own books of account, it assumes towards the depositor the same relation that its assignor bore. The creditor is a depositor with the bank, and his claim cannot be barred by the Statute of Limitations.

APPEAL from a judgment of the Superior Court of Sacramento County.

The facts are stated in the opinion of the court.

*Cadwalader & Devlin*, for Appellant.

*Catlin & Hamburger*, for Respondent.

ROSS, J.—On the 1st day of March, 1875, the Odd Fellows' Bank of Savings was indebted to the plaintiff in the sum of three thousand dollars for moneys at and before that time deposited with it. On the day mentioned that bank conveyed all of its property to the defendant upon the consideration and agreement that defendant would accept, take, and receive the same, and assume and pay all the debts and liabilities of said Odd Fellows' Bank of Savings, including the demand of the plaintiff. Defendant accepted the property of the Odd Fellows' Bank of Savings,

assumed all of its debts and liabilities, and thereupon commenced to carry on, and until some time in September, 1878, continued to carry on the business of a savings and loan corporation. In March, 1875, the plaintiff assented to and ratified the transfer to the defendant and released said Odd Fellows' Bank of Savings from his demand. On the 10th day of July thereafter, the defendant credited the plaintiff with a dividend of one hundred and thirty-five dollars for and on account of the use of the aforesaid sum of three thousand dollars by defendant and by the Odd Fellows' Bank of Savings, for the six months then next preceding, and on the 26th of July, 1875, defendant paid plaintiff on account of said debt and dividend the sum of eleven hundred and thirty-five dollars. That payment left due the plaintiff from defendant two thousand dollars. If that sum is to be regarded as a deposit by plaintiff with defendant, the judgment of the court below should be affirmed, regardless of any other question; for the defense here is the Statute of Limitations, and to an action brought to recover money deposited in any bank, there is in this State no limitation. (Code Civ. Proc. § 248; *Mitchell* v. *Beckman*, 64 Cal. 117.) When the defendant succeeded to the business of the Odd Fellows' Bank of Savings, and accepted the conveyance of all of its property, and in consideration of that conveyance assumed all of its debts and liabilities, including the demand of the plaintiff, and credited plaintiff in its books of account with said sum of three thousand dollars as a deposit, as the court below found that it did do, we think defendant assumed towards plaintiff the precise relation that its assignor bore. And that such was the relation recognized by the defendant is shown by the further fact of the subsequent payment to plaintiff of a dividend upon the deposit accruing partly before and in part subsequent to the transfer from the Odd Fellows' Bank of Savings.

We must affirm the judgment.

Ordered accordingly.

McKINSTRY, J., and McKEE, J., concurred.